Battle, J.
 

 Tbe plaintiff’s declartion is for money bad, and received, by tbe defendant to bis use. Now it is very certain, tbat when the money was received by tbe defendant’s clerk, McGuire, upon tbe sale of tbe plaintiff’s bacon, it was not received, either expressly, or impliedly, by tbe defendant. Up to that time, McGuire, in taking tbe bacon to market, so far from acting within tbe scope of tbe authority given him by tbe defendant, was acting directly against it; for the defendant bad directed him to carry down a load of iron in bis wagon. There is no pretence tbat tbe defendant was a common carrier, and tbat McGuire was bis servant, employed in tbe business of transporting goods. Tbe price of tbe bacon then, was received by McGuire alone, for tbe use of tbe plaintiff, and tbe latter must at tbat time, have so understood it, and he seems to have acted on tbat understanding when be accepted a part of tbe money from McGuire, and paid tbe defendant for the hauling and sale of the bacon.
 

 Tbe question, then, is whether tbe expression used by tbe defendant, when McGuire returned with the wagon, and told liim what be bad done, tbat
 
 “
 
 it was all right,” changed tbe character of tbe transaction, and made him responsible to tbe plaintiff for tbe price of tbe bacon. Tbe reception of pay for the use of tbe wagon, and tbe time and labor of his clerk, in selling tbe bacon, could not have tbe effect-to make tbe defendant liable, because be was entitled to it whether McGuire bad collected tbe money or not. Nor are we aware of any principle which can make him responsible by tbe mere effect of bis recognizing tbe acts of bis clerk as all right. Tbe clerk bad done several acts not authorized by bis previous orders, which the defendant thought proper, under tbe circumstances, to approve. lie certainly did approve, among other things,
 
 *502
 
 of his clerk carrying down, and selling the bacon for the plaintiff, and as the agent of the plaintiff, but it does not necessarily follow, that he thereby intended to assume the responsibility of his clerk’s faithfulness in collecting and paying over the price to the plaintiff. In that transaction, we are satisfied from the circumstances, that the plaintiff looked to McGuire alone for his money, and did not think of holding the defendant responsible for it, until he afterwards found that McGuire had been faithless, and had “ kept back part of the price.”
 

 Per Cublajuc. The judgment must be reversed and
 
 a • venire de novo
 
 awarded.